JS 44 (Rev. 3/99) **ORIGINAL** CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Ranger Capital, Ltd.

**DEFENDANTS**
Rydex Global Advisors, Inc. and Padco Advisors, Inc. d/b/a Rydex Global Advisors

*RECEIVED APR 25 2002 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF TEXAS*

(b) County of Residence of First Listed Plaintiff **Dallas**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Montgomery**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

**3-02CV 0855G**

(c) Attorney's (Firm Name, Address, and Telephone Number)
James P. Karen    (214) 220-3939
Jones, Day, Reavis & Pogue
2727 North Harwood Street
Dallas, TX  75201

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury — Product Liability | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent ☐ 840 Trademark | ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret Inc Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause Do not cite jurisdictional statutes unless diversity)
Breach of contract and related causes in diversity action brought under 28 U.S.C. §1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In excess of the jurisdictional limits of the court
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE **APRIL 25, 2002**
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUN _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

Case 3:02-cv-00855-K   Document 1   Filed 04/25/02   Page 2 of 8   PageID 2

ORIGINAL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| RANGER CAPITAL, LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. _____ |
| RYDEX GLOBAL ADVISORS, INC. and | § | |
| PADCO ADVISORS, INC. d/b/a RYDEX | § | 3-02CV 0855G |
| GLOBAL ADVISORS, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

For its complaint against defendants Ryder Global Advisors, Inc. and Padco Advisors, Inc. d/b/a Rydex Global Advisors (collectively "Rydex"), plaintiff Ranger Capital, Ltd. ("Ranger") states as follows:

### Parties

1.  Ranger is a Texas limited partnership with its principal place of business located at 300 Crescent Court, Suite 1000, Dallas, Texas 75201. Ranger's general partner is a Texas limited liability company and its limited partners are citizens of Texas and Colorado. For purposes of diversity jurisdiction, Ranger is a citizen of the States of Texas and Colorado. Ranger is a private investment management company that specializes in the formation and operation of hedge funds and similar investment devices. Hedge funds are complex and specialized investment vehicles that invest in a variety of liquid securities with a broad range of risk and return objectives.

2.  The Rydex defendants are Maryland corporations with their principal places of business located at 6116 Executive Boulevard, Rockville, Maryland 20852 and 9601 Blackwell Road, Suite 500, Rockville, Maryland 20850. For purposes of diversity jurisdiction, the Rydex

DL-1238432v2

defendants are citizens of the State of Maryland. Rydex's business conducted under the name Rydex Global Advisors consists, at least in part, of mutual fund businesses catering to investment advisors, institutions, and individual investors. This lawsuit relates to claims arising from a contract between Ranger and Rydex under which Ranger and Rydex were to develop, structure, market, and support a hedge fund of funds product. Ranger was also to serve as a sub-advisor to the hedge fund of funds.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction of Ranger's claims pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties, in that this is an action between citizens of different states and the amount in controversy, relating to the value of the work Ranger performed under the contract at issue, the value of the fees to which Ranger is entitled under the contract at issue, and the amounts sought to be collected from Rydex, exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Rydex pursuant to Tex. Civ. Prac. & Rem. Code §§ 17.041 and 17.042(1) because this matter arises out of a contract with a Texas citizen and resident that was executed and was to be performed in whole or in part by one or both of the parties in the State of Texas. In connection with the negotiation and performance of this contract, Rydex representatives placed telephone calls to Texas and sent and/or received correspondence and other documents to and/or from Ranger's offices in Texas. Ranger's performance of its obligations under the contract occurred largely in, or otherwise emanated from, Texas.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims occurred here.

6. Rydex may be served by delivering a copy of the summons and complaint by overnight mail to its offices at 9601 Blackwell Road in Rockville, Maryland and by certified mail to its registered agent, The Corporation Trust Company, 300 E. Lombard Street, Baltimore, Maryland 21202.

## Facts

1. In late 2001, Ranger and Rydex entered into a letter agreement dated October 22, 2001 (the "Agreement") under which the parties agreed, among other things, to work together to develop, structure, market, and support a hedge fund of funds product (the "Rydex Fund"). Pending a successful due diligence review of Ranger's investment operations and registration, if necessary, as an advisor, Ranger was to also serve as a sub-advisor to the Rydex Fund. The parties further agreed that Ranger "shall be paid not less than 40% and not greater than 50% of the management and incentive fee computed and disbursed in accordance with the fund prospectus." The management and incentive fees were to be set to position the Rydex Fund competitively with other funds, which the parties stipulated typically provide a 1.75% management fee and an 8% incentive fee. Rydex agreed, among other things, to launch the Rydex Fund in the first quarter of 2002 with a minimum of $25,000,000 in total assets.

8. As an inducement to Ranger to execute the Agreement, Rydex represented that the Rydex Fund would raise $50 million to $150 million in year one, and $200 million to $300 million per year thereafter.

9. Ranger performed its obligations under the Agreement. It devoted approximately 1,500 hours to the Rydex Fund project and incurred substantial expenses related thereto. As a part of its work, Ranger made significant disclosures to Rydex of confidential and proprietary information regarding its operations and how to successfully develop and manage hedge funds. Further, Ranger introduced Rydex to Ranger's vast industry contacts and shared with Rydex its

significant industry knowledge. This information and these contacts are the valuable consideration that Rydex sought by entering into the Agreement in the first place, as Rydex lacked Ranger's knowledge base, expertise, and industry contacts in the hedge fund market. During the time it was working with Rydex, Ranger did not develop products similar to the Rydex fund with distributors other than Rydex, in reliance on the parties' understanding that they would deal exclusively with each other on such products.

10. Unlike Ranger, Rydex did not perform its contractual obligations. In late March 2002, after accepting the benefit of Ranger's approximately 1,500 hours of work and disclosures of substantial confidential and proprietary information about Ranger's practices and the hedge fund market generally and introductions by Ranger to its industry contacts, all in connection with the establishment of the Rydex Fund, Rydex failed to honor the parties' Agreement. Rydex claimed, and later memorialized in a letter, that it was somehow "uncomfortable" with the hedge fund of funds product. By failing to honor the Agreement, Rydex secured the benefit of Ranger's work and services, including its substantial experience, expertise and contacts, without performing any of its own obligations under the Agreement.

11. Rydex's wrongful conduct, as described herein, constitutes a breach of the Agreement, or, in the alternative, a wrongful retention of services provided to it by Ranger, and entitles Ranger to damages in excess of the jurisdictional minimum of this Court.

## Causes of Action

### First Cause of Action — Breach of Contract

12. Ranger incorporates paragraphs 1-11 of this complaint.

13. Although Ranger performed its obligations under the Agreement, Rydex has breached the Agreement with Ranger by failing to launch the Rydex Fund and pay Ranger the

compensation, including a portion of management and incentive fees, as described above, owed to Ranger under the Agreement.

14. Ranger is entitled to a judgment for all sums owed under the Agreement, including, without limitation, the fees that it would have earned had Rydex established the Rydex Fund as promised, plus pre-judgment and post-judgment interest.

### Second Cause of Action — Quantum Meruit

15. Ranger incorporates paragraphs 1-14 of this complaint.

16. Ranger rendered valuable services for the benefit of Rydex, in the form of approximately 1,500 hours of time, substantial disclosures of Ranger's confidential and proprietary information, and introductions to Ranger's industry contacts, in order to assist Rydex in understanding hedge funds and how to develop and manage a hedge fund of funds product. As a direct result of such services provided by Ranger to Rydex, Rydex benefited by gaining an increased knowledge base and expertise in hedge funds and access to industry contacts that it would not have had without Ranger's services. Ranger provided its valuable services to Rydex with the understanding that Rydex would pay for those services by launching a hedge fund of funds product and providing Ranger, among other compensation, a certain percentage of the management and incentive fees generated from that product, as described above. While Rydex accepted Ranger's work and services, Rydex, by failing to meet its contractual obligations, has received the benefit of Ranger's work and services without paying for them.

17. Ranger is entitled to the reasonable value of its services rendered to Rydex, plus pre-judgment and post-judgment interest.

### Third Cause of Action — Unjust Enrichment

18. Ranger incorporates paragraphs 1-17 of this complaint.

19. Rydex took advantage of Ranger by securing the benefits Ranger provided under the Agreement, in the form of approximately 1,500 hours of time, substantial disclosures of Ranger's confidential and proprietary information, and introductions to Ranger's industry contacts, without paying for such benefits. Rydex would be improperly and unjustly enriched if it is allowed to retain the substantial benefits conferred on it by Ranger without payment for the reasonable value of Ranger's services.

20. Ranger is entitled to restitution in the amount of the reasonable value of its services rendered to Rydex, plus pre-judgment and post-judgment interest.

### Attorneys Fees

21. Ranger incorporates paragraphs 1-20 of this complaint.

22. Ranger has been forced to retain counsel to protect its interests and enforce its contractual rights. Moreover, Ranger's second and third causes of action seek recovery for services rendered. Accordingly, pursuant to Sections 38.001, et seq., of the Tex. Civ. Prac. & Rem. Code, Ranger is entitled to an award of its reasonable attorneys' fees, costs and expenses.

### Jury Demand

23. Ranger demands a trial by jury on all claims for damages in this complaint.

### Prayer

WHEREFORE, Ranger is entitled to judgment against Rydex and to an award of damages justified by the evidence, as set forth in the above counts, plus pre-judgment and post-judgment interest, reasonable attorneys' fees, costs and expenses, and all other relief to which it is entitled.

Dated: April 25, 2002

Respectfully submitted,

_____
James P. Karen
Texas State Bar No. 11098700
Michael D. Murphy
Texas State Bar No. 24009245
JONES, DAY, REAVIS & POGUE
2727 North Harwood Street
Dallas, Texas 75201
(214) 220-3939 (Telephone)
(214) 969-5100 (Telecopier)

ATTORNEYS FOR PLAINTIFF RANGER CAPITAL, LTD.