

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RANGER CAPITAL, LTD., | |
| Plaintiff, | |
| | Case Number 3:02-CV-0855-G |
| v. | Chief Judge A. Joe Fish |
| RYDEX GLOBAL ADVISORS, INC., and PADCO ADVISORS, INC. d/b/a RYDEX GLOBAL ADVISORS, | |
| Defendants. | |

## ANSWER OF DEFENDANTS

Defendants Rydex Global Advisors, Inc. and Padco Advisors Inc. (collectively, Rydex), by and through their undersigned counsel, hereby answer the complaint of plaintiff Ranger Capital, Ltd. ("Ranger") as follows:

### Parties

1. Rydex denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1, except that Rydex admits, on information and belief, that Ranger is an investment management company that deals in investment vehicles called hedge funds.

2. Rydex denies the allegations of paragraph 2, except that Rydex admits that (a) defendant Padco Advisors, Inc. ("Padco") is a Maryland corporation having its principal place of business at 9601 Blackwell Road, Suite 500, Rockville, MD

20850; (b) Padco does business under the name Rydex Global Advisors; and (c) under that name Padco is engaged in the mutual fund business.

### Jurisdiction and Venue

3. Paragraph 3 sets forth a conclusion of law to which no response is required. To the extent any response is required, Rydex denies that Ranger is entitled to recover anything from Rydex, and Rydex otherwise denies information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 3.

4. Paragraph 4 sets forth a conclusion of law to which no response is required. To the extent any response is required, Rydex admits that its representatives placed telephone calls to Texas and sent or received correspondence and other documents to or from Ranger's offices in Texas. Rydex denies all other allegations of paragraph 4.

5. Paragraph 5 sets forth a conclusion of law to which no response is required. To the extent any response is required, Rydex denies that any events occurring in the Northern District of Texas gave rise to any claim by Ranger against Rydex.

6. Paragraph 6 sets forth a conclusion of law to which no response is required. To the extent any response is required, Rydex admits that The Corporate Trust Company, 300 E. Lombard Street, Baltimore, MD 21202 is Padco's registered agent for the service of process. Rydex otherwise denies the allegations of paragraph 6.

### Facts

7. Rydex admits that a letter dated October 22, 2001 was exchanged between Ranger and Rydex, and Rydex further states that the letter speaks for itself. Rydex respectfully refers the Court to that letter for a full and complete statement of its

terms. Rydex denies all other allegations of paragraph 7 (which is erroneously labeled paragraph 1).

8. Rydex denies the allegations of paragraph 8.

9. Rydex is without information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence and the last sentence of paragraph 9. Rydex denies the remainder of the allegations of paragraph 9.

10. Rydex denies the allegations of paragraph 10.

11. Rydex denies the allegations of paragraph 11.

## Causes of Action

### First Cause of Action – Breach of Contract

12. Rydex re-alleges, adopts, and incorporates herein its responses to paragraphs 1-11 of the complaint as if set forth verbatim herein.

13. Rydex denies the allegations of paragraph 13.

14. Rydex denies the allegations of paragraph 14.

### Second Cause of Action – Quantum Meruit

15. Rydex re-alleges, adopts, and incorporates herein its responses to paragraphs 1-14 of the complaint as if set forth verbatim herein.

16. Rydex denies the allegations of paragraph 16.

17. Rydex denies the allegations of paragraph 17.

### Third Cause of Action – Unjust Enrichment

18. Rydex re-alleges, adopts, and incorporates herein its responses to paragraphs 1-17 of the complaint as if set forth verbatim herein.

19. Rydex denies the allegations of paragraph 19.

20. Rydex denies the allegations of paragraph 20.

### Attorneys' Fees

21. Rydex re-alleges, adopts, and incorporates herein its responses to paragraphs 1-20 of the complaint as if set forth verbatim herein.

22. The second sentence of paragraph 22 sets forth a legal characterization to which no response is required. To the extent any response is required, Rydex denies that Ranger is entitled to any recovery. Rydex otherwise denies the remaining allegations of paragraph 22.

### Jury Demand

23. Ranger's demands for trial by jury does not set forth any factual allegation to which a response is required.

## General Denial

Except to the extent expressly, specifically, and unambiguously admitted above, Rydex denies each and every allegation contained in plaintiff's complaint.

## Affirmative Defenses

### First Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Some or all of plaintiff's claims are barred by the failure of a condition precedent.

WHEREFORE, Rydex respectfully requests that this Court enter judgment in its favor and against plaintiff on all counts of the complaint, dismiss the complaint and all

purported causes of action set forth therein with prejudice, and award Rydex its costs, attorneys' fees, and any other relief as the Court deems appropriate.

Dated: June 17, 02

Respectfully submitted,

_____
Michael P. Lynn, P.C.
Texas State Bar No. 12738500
Eric W. Pinker
Texas State Bar No. 16016550
John D. Volney
Texas State Bar No. 24003118
LYNN TILLOTSON & PINKER, LLP
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
(214) 981-3800 (Telephone)
(214) 981-3839 (Telecopier)

**Of Counsel:**
Peter Buscemi
MORGAN, LEWIS & BOCKIUS, L.L.P.
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000 (Telephone)
(202) 739-3001 (Telecopier)

**COUNSEL FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served via Facsimile to counsel of record, as identified below on this the __17__ day of June, 2002.

James P. Karen
Michael D. Murphy
JONES, DAY, REAVIS & POGUE
2727 N. Harwood Street
Dallas, Texas 75201

_____
Michael P. Lynn, P.C.